Ledlie I. Laughlin v. Commissioner.
Laughlin v. Commissioner
Docket No. 1085.
United States Tax Court
1944 Tax Ct. Memo LEXIS 98; 3 T.C.M. (CCH) 1038; T.C.M. (RIA) 44317; October 3, 1944
*98 Lawrence D. Blair, Esq., 1732 Oliver Bldg., Pittsburgh, Pa., for the petitioner. Orris Bennett, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: This proceeding was brought for a redetermination of a gift tax deficiency for 1941 in the sum of $2,545.35. By amended answer respondent seeks to increase the amount of the deficiency to $4,418.58. The questions presented are whether a prior proceeding in the Board of Tax Appeals treating with petitioner's gift tax for the year 1936 precludes respondent from asserting the present deficiency; and whether petitioner was entitled to exclusions with respect to the income from the trust properties as being gifts of present interests. The facts were presented by a stipulation and a supplemental stipulation, together with admissions in the pleadings and documentary evidence introduced at the hearing. All such facts are hereby found accordingly. [The Facts] Petitioner is an individual residing in Princeton, New Jersey. The gift tax returns in question were filed by petitioner in the first collection district of New Jersey. On December 29, 1936, petitioner executed four trust agreements for the benefit of his children, *99 Leighton Howe Laughlin (born November 27, 1926); James Ben Laughlin (born November 24, 1928); Ledlie I. Laughlin, Jr., (born May 18, 1930; and Robert Moody Laughlin (born May 29, 1934), respectively. Under the trust agreements petitioner, as trustee, was to hold and manage the trust property, and after deducting reasonable expenses of administration was - "* * * to accumulate the net income thereof for the benefit of * * * [the respective beneficiary] * * * until said * * * [beneficiary] shall have reached the age of twenty-one (21) years, and thereupon to pay over to said * * * [beneficiary] said accumulations of net income; after said * * * [beneficiary] shall have reached the age of twenty-one years, to pay over the net income of said trust to said * * * [beneficiary] until he shall have reached the age of twenty-five (25) years; and thereupon to pay over the principal or corpus of said trust to said * * * [beneficiary], absolutely and free of all the provisions of this trust. "In the event, however, of the death of said * * * [beneficiary], leaving issue him surviving, during the existence of this trust, the Trustee shall pay over to said issue of * * * [the beneficiary] the *100 principal or corpus of said trust, and if there be more than one child, in equal parts or shares. In the event of the death of said * * * [beneficiary] without issue him surviving, the Trustee shall pay over the principal or corpus of this trust to such person or persons as said * * * [beneficiary] shall, by his last will and testament, designate and appoint. In the event of the death of * * * [the beneficiary] without issue him surviving and without exercise of the power of appointment herein given, the Trustee shall pay over the principal or corpus of said trust to the surviving children of the Donor in equal parts or shares." On December 30, 1936, petitioner transferred to himself as trustee under the four agreements 400 shares for each trust of the common stock of Salt Dome Oil Corporation having an aggregate value of $32,000. On January 5, 1937, petitioner transferred to himself as trustee under the four trust agreements 250 shares for each trust of Salt Dome Oil Corporation common stock having an aggregate value of $20,000. Petitioner filed no gift tax return for the year 1937 and paid no gift tax for that year. Since December 29, 1936, no dividends have been paid on the Salt *101 Dome Oil Corporation stock which is still held in the four trusts in question. In the determination of the deficiency herein involved, as set forth by the notice of deficiency, respondent omitted and did not take into consideration the four gifts of the 250 shares of stock in the computation of the item shown on the statement attached to the deficiency notice as "Net gift for preceding years * * * $21,368.12." On or about December 31, 1941, petitioner made an absolute and outright gift of 2,000 shares of Jones & Laughlin Steel Corporation common stock to each of his four sons. In his gift tax returns for the calendar year 1941 petitioner returned these gifts at $47,500 each or an aggregate of $191,000. The value of each gift was $48,250, or an aggregate of $193,000. In his gift tax return for the calendar year 1941 petitioner deducted four equal exclusions of $4,000 each and claimed as the balance of a specific exemption the amount of $7,524.61. He added to the result his total amount of net gifts for prior years and assessed himself with total gift tax for the year 1941 in the amount of $17,552.73. The deficiency of $2,545.35 determined in the notice of deficiency resulted from *102 an increase in the amount of total gifts from $191,000 to $193,000 and an increase of $20,000 in net gifts for preceding years resulting from the disallowance of four exclusions of $5,000 each. Petitioner is the same person as petitioner in the case of Ledlie I. Laughlin, Docket No. 93594, in which decision was entered October 7, 1938. The record in the earlier proceeding under Docket No. 93594 in the Board of Tax Appeals discloses the four trust agreements of December 29, 1936, and the transfer of the 400 shares of Salt Dome Oil Corporation with a value of $8,000 to each of the trusts. The terms of the trusts, as above set out, appear therein. The notice of deficiency in that proceeding was dated February 21, 1938, and was for gift taxes for 1936 in the amount of $491.05. The notice of deficiency disallowed four exclusions claimed in the amount of $20,000 for the gifts in trust for the benefit of petitioner's four sons, it being stated that the disallowance was - "* * * for the reason that the trustee is directed under the terms of the trust agreement to accumulate he income from each trust for the benefit of the beneficiary until he attains the age of 21 years. "Since your four *103 sons are minors and do not receive the immediate right to the use, possession and enjoyment of the income and/or corpus of the trusts, it is considered that the gifts in trust are gifts of future interests against which no exclusions are allowable." The petition in that case charged error in the determination that the gifts were gifts of future interest. Answer was filed denying any error in the determination of the deficiency. Thereafter a stipulation that there was no deficiency or overpayment in Federal gift tax for 1936 was signed by the parties and filed October 4, 1938. On October 7, 1938, United States Board of Tax Appeals entered its decision pursuant to the stipulation. Unlike the terms of the trust involved in , this instrument made no provision for payment to or for the account of the beneficiary during minority. It permitted no alternative, discretionary or otherwise, to the accumulation of current income against the future termination of that interval. Unless the beneficiary arrived at majority, there was no way open to him to possess, enjoy or use this income. Whether he would *104 survive was, of course, an uncertain future development impossible of contemporaneous prediction. Whoever might obtain the benefit of the accumulated income, whether the beneficiary's estate, as announced in the Disston case, or the remaindermen designated in the trust agreement, as suggested in , or the beneficiary himself if he survived, the one thing certain at the time of the gift was the impossibility of ascertaining with certainty the ultimate taker. This seems to us sufficient under , for the conclusion that these were gifts of future interests. But, as we said in : * * * We are not certain that that difference affords sufficient grounds for distinguishing the cases, but, if not, then we must respectfully disagree with the position taken by the court [in the Disston case] for the reason that we believe it contrary to a great number of decisions of this Court as well as of the Circuit Courts of Appeals. * * * On the authority of the Allen case the gifts must be regarded as representing *105 future interests and hence as defeating the claim to the statutory exclusions. The prior determination of petitioner's gift tax liability for a previous year having been arrived at as the result of a stipulated settlement, while binding for all purposes as to the taxes imposed for that year, is not conclusive with respect to the tax liability for the year presently in issue. . Decision will be entered for the respondent.